NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., formerly known as DAYS INNS OF AMERICA, INC., a Delaware Corporation, | |
| Plaintiff, | Hon. Garrett E. Brown, Jr. |
| v. | Civil Action No. 08-1441 |
| APURVA, L.C., a Florida Limited Liability Company; RAKESH AMIN, an individual; PANNA AMIN, an individual; and NAYAN PATEL, an individual, | **MEMORANDUM OPINION** |
| Defendants. | |

David S. Sager, Esq.
DAY PITNEY LLP
P.O. Box 1945
Morristown, New Jersey 07962
*Attorneys for Plaintiff*

**BROWN, Chief Judge:**

This matter comes before the Court on Plaintiff Days Inns Worldwide, Inc.'s ("DIW") motion (Doc. No. 19) for default judgment. For the following reasons, Plaintiff's motion will be granted with respect to liability and will be granted in part with respect to damages.

*Background*

DIW is a franchisor that operates a guest lodging facility franchise system. According to the Complaint, DIW entered into a 15-year License Agreement ("License Agreement") with

Defendant Apurva, Inc. ("Apurva") on May 1, 2000 for the operation of a 36-room guest lodging facility (the "Facility") in Fort Pierce, Florida.  The License Agreement required Apurva to operate the Facility as part of the DIW franchise in accordance with DIW's "System Standards," which includes DIW's quality assurance ("QA") and minimum insurance coverage requirements.  The License Agreement also obligated Apurva to submit monthly gross revenue reports to DIW and to make certain periodic payments to DIW, known as "Recurring Fees."  (*See* Compl., Ex. A ("License Agreement") §§ 3, 7.)

According to the License Agreement, DIW could terminate it if Apurva (1) failed to pay any amount due to DIW, (2) failed to cure any default under the License Agreement within 30 days of receiving a written notice of default, or (3) received two or more notices of default in a one-year period.  In the event of early termination of the License Agreement, Apurva was obligated to pay liquidated damages to DIW in accordance with a formula provided in the License Agreement.  Apurva also agreed to pay interest on any amount past due to DIW at a rate of 1.5% per month.  Furthermore, under the License Agreement, the non-prevailing party would be responsible for all costs and expenses incurred by the prevailing party to enforce the License Agreement, including attorneys' fees. (*Id.* §§ 7, 11, 12, 17.)  At the time the parties entered into the License Agreement, the individual Defendants Rakesh Amin, Panna Amin, and Nayan Patel ("Guarantors") agreed to serve as guarantors of Apurva's obligations under the License Agreement and to perform immediately Apurva's unpaid or underperformed obligations.  (*See* Compl., Ex. B ("Guaranty").)

On October 14, 2003, DIW and Apurva entered into an Addendum to the License Agreement ("Addendum") for satellite communications services and related equipment.

According to its terms, the Addendum became a part of the License Agreement and could be terminated upon written notice for several reasons, including an uncured default of the License Agreement or any event that gives rise to DIW's right to terminate the License Agreement.  The Addendum further provided that Apurva was obligated to pay liquidated damages to DIW in the amount of $1,000 if the Addendum was terminated early for any of the above reasons, and that the non-prevailing party would be responsible for all costs and expenses incurred by the prevailing party to enforce the Addendum, including attorneys' fees.  (*See* Compl., Ex. C ("Addendum") Introduction and § 13.)

According to the Complaint, beginning in 2005, Apurva repeatedly failed to meet its contractual obligations under the License Agreement.  DIW alleges that the Facility failed to pass QA inspections in January, July, and October 2005, and that Apurva failed to pay monthly Recurring Fees, notice of which was given to all Defendants in February, July, and December 2005.  DIW further alleges Apurva failed to provide DIW with proof of minimum insurance coverage, as required under the License Agreement, for which DIW gave Defendants written notice in August and October 2005.  DIW subsequently terminated the License Agreement and Addendum on December 29, 2005.

On March 20, 2008, DIW filed a Complaint raising claims related to the License Agreement, Addendum, and Guaranty.  Count One of the Complaint seeks an accounting of all revenue derived from the Facility.  Counts Two and Three request liquidated and actual damages to compensate DIW for premature termination of the License Agreement and Addendum, as well as interest, associated attorneys' fees, and costs of suit, respectively.  Counts Four and Five seek payment of any outstanding Recurring Fees for breach of contract and unjust enrichment,

respectively, as well as interest, associated attorneys' fees, and costs of suit. Count Six of the Complaint seeks enforcement of the Guaranty and payment by the Guarantors for all damages (liquidated or actual) and Recurring Fees due under the License Agreement and Addendum, as well as interest, attorneys' fees, and costs of suit.

Defendants were properly served with the Complaint but failed to file a response within the time allowed under Fed. R. Civ. P. 12(a)(1)(A). The Clerk of Court entered default against all Defendants on October 1, 2008. DIW filed the instant motion for default judgment against Defendants on February 17, 2009. Defendants have not filed a response.

*Analysis*

A court may grant default judgment under Federal Rule of Civil Procedure 55. In ruling on a motion for default judgment, the court must accept as true all allegations put forth in the complaint other than those relating to the amount of damages. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). A plaintiff's claim for damages must be granted where the plaintiff provides an affidavit showing the amount of damages that are due. Fed. R. Civ. P. 55(b)(1). The court may, however, conduct a hearing to determine the proper amount of damages due to the plaintiff. Fed. R. Civ. P. 55(b)(2).

**I.      Liability**

DIW properly served process and notice of the instant motion on Defendants. (*See* Gesu Aff., Exs. A–D.) Accepting the allegations in DIW's Complaint as true, DIW demonstrates that it entered into a License Agreement and Addendum with Apurva, and that the Guarantors provided a guaranty of Apurva's unperformed obligations. Furthermore, DIW's allegations show

that Apurva breached its contractual obligations under the License Agreement and that the Guarantors have not fulfilled their obligations under the Guaranty. Accordingly, this Court will grant default judgment in favor of DIW with respect to Counts Two, Four, and Six of the Complaint for Recurring Fees and liquidated damages.

## II.     Damages

### A.     Recurring Fees

DIW seeks $123,177.91 in unpaid Recurring Fees at the time of termination of the License Agreement and $71,320.50 in prejudgment interest dating from the termination of the License Agreement on December 29, 2005 to March 16, 2009, the anticipated return date of the instant motion. DIW also seeks prejudgment interest that has accrued between the return date of this motion and the date of judgment. DIW has submitted an itemized statement detailing the total unpaid Recurring Fees. (Krug Aff., Ex. A.) Where Apurva failed to provide DIW with monthly gross room revenues earned at the Facility, DIW estimated the Recurring Fees due that month based on the historical gross room revenue. (Krug Aff. ¶ 31.) The prejudgment interest has been calculated at the rate of 1.5% per month based on the total amount of unpaid Recurring Fees. (License Agreement § 7.3.)

Given that DIW's estimated monthly revenues closely mirror Apurva's reported monthly revenues from 2004, the Court finds that DIW's estimated Recurring Fees are a reasonable approximation of the Facility's monthly gross room revenues. (*Compare* Compl., Ex. J at 1–3 *and* Krug Aff., Ex. A at 2–5 *with* Compl., Ex. J at 4–6 *and* Krug Aff., Ex. A at 6–9.) Therefore, after careful review of the materials submitted by DIW, and in the absence of any response from Defendants, this Court finds that DIW is entitled to damages for unpaid Recurring Fees due

under the License Agreement in the principal amount of $123,177.91, plus $71,320.50 in prejudgment interest that accrued between the date of termination and the return date of this motion. The Court also finds that DIW is entitled to prejudgment interest that has accumulated from March 16, 2009 through the date of judgment, August 13, 2009, in the amount of $9,112.50 ($60.75 multiplied by 150 days). (*See* Krug Aff. ¶¶ 34, 42.) Thus, DIW is entitled to damages for unpaid Recurring Fees in the total amount of $203,610.91.

      B.      <u>Liquidated Damages</u>

DIW seeks liquidated damages in the amount of $1,000.00 for premature termination of the Addendum, $109,172.00 for premature termination of the License Agreement, and prejudgment interest in the amount of $62,153.52 dating from January 28, 2006 (30 days following termination of License Agreement) to March 16, 2009, the anticipated return date of the instant motion. Liquidated damages provisions are enforceable when (1) the damages sustained by the non-breaching party would be difficult to ascertain, and (2) the amount provided for in the liquidated damages clause is a reasonable forecast of those damages. *See Wasserman's Inc. v. Twp. of Middletown*, 137 N.J. 238, 249–55 (1994). Liquidated damages provisions "should be deemed presumptively reasonable and . . . the party challenging such a clause should bear the burden of proving its unreasonableness." *Id.* at 252 (citations omitted). Defendants have not met their burden of proving the unreasonableness of the liquidated damages provisions, as they have not responded to DIW's motion.

With respect to the $1,000.00 in liquidated damages DIW claims for premature termination of the Addendum, the Addendum states that the liquidated damages are intended to compensate for "lost future Monthly Service Charges under [the] Addendum and the costs to de-

install the Equipment." (Addendum § 13(c).)  DIW has established that actual damages would be difficult to ascertain.  Furthermore, given that the Addendum provides for a $1,000.00 Installation Cancellation Charge and requires a Monthly Service Charge of $150.00, this Court finds that liquidated damages in the amount of $1,000.00 is a reasonable estimate of damages.  (*See* Addendum §§ 3, 6, 13.)  Liquidated damages in the amount of $1,000.00 for premature termination of the Addendum will be granted.

With respect to the $109,172.00 in liquidated damages DIW claims for premature termination of the License Agreement, DIW has established that the damages it would suffer would be difficult to estimate given that its lost Recurring Fees from early termination would be calculated based on the future gross revenues of the Facility, which can fluctuate unexpectedly in response to various factors.  (Krug Aff. ¶ 37.)  Additionally, the amount of damages is not unreasonable considering that Apurva accumulated $123,177.91 in Recurring Fees over the course of a single year, and that liquidated damages here are intended to compensate DIW for lost Recurring Fees over several years.  Thus, the Court is inclined to grant DIW liquidated damages for termination of the License Agreement.  However, the Court cannot discern DIW's basis for calculating its figure of $109,172.00 given the formula provided under the License Agreement and the documents this Court has received.  (*See* License Agreement § 12.1, Compl., Ex. K.)  The Court will require DIW to submit within 30 days additional documentation relating to Royalties and Basic Reservation Charges that accrued during the twenty-four calendar months immediately preceding December 29, 2005, the date the License Agreement was terminated, any applicable taxes assessed on the damages, or any other relevant materials to support its calculation of the liquidated damages in question.

Similarly, the Court is inclined to grant DIW prejudgment interest on the liquidated damages for the time period from January 28, 2006 through March 16, 2009, the anticipated return date of the instant motion, as well as prejudgment interest for the time period from March 16, 2009 through the date of final judgment. However, the amount of interest that will be awarded will depend upon the final amount of liquidated damages to which DIW establishes that it is entitled. Accordingly, this Court will reserve judgment with regard to liquidated damages based on premature termination of the License Agreement, as well as related interest.

    C.    <u>Attorneys' Fees</u>

DIW seeks attorneys' fees in the amount of $8,456.55 and expenses in the amount of $1,594.60. The License Agreement, Addendum, and Guaranty allow for recovery by the prevailing party of reasonable attorneys' fees, costs, and expenses incurred in enforcement of the License Agreement and Guaranty. (License Agreement § 17.4; Addendum § 13(c); Guaranty.) While the Court will award DIW reasonable attorneys' fees and costs, DIW did not submit descriptive time entries to support its claim for attorneys' fees and costs, and the Court cannot accept DIW's conclusory allegations regarding the amount and reasonableness of its requested fees and expenses. The Court will require DIW to submit within 30 days descriptive time entries from its billing records for the Court's *in camera* review.

**III.**    **Stipulation of Dismissal**

The Court recognizes that DIW's Proposed Order requests that Counts One, Three, and Five of the Complaint be dismissed. These Counts encompass DIW's request for an accounting, actual damages, and damages for unjust enrichment. Dismissal of these counts will not affect this Court's award of default judgment on Counts Two, Four, and Six. Thus, the Court will grant

DIW's stipulation of dismissal with respect to Counts One, Three, and Five.

### *Conclusion*

For the foregoing reasons, the Court will grant Plaintiff's motion for default judgment and award damages consisting of $203,610.91 in Recurring Fees (principal plus prejudgment interest) and $1,000.00 in liquidated damages for premature termination of the Addendum. Pursuant to Plaintiff's stipulation, the Court will dismiss Counts One, Three, and Five of the Complaint.  Plaintiff will have 30 days to submit for the Court's *in camera* review (1) documentary evidence in support of its calculation of liquidated damages under the License Agreement, and (2) descriptive time entries from its billing records and other documentation relating to its claim for reasonable attorneys' fees and costs.  An appropriate order form accompanies this Memorandum Opinion.

Dated: August 13, 2009

/s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.